IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS H. EVANS, JR., | § | |
| | § | |
| Defendant Below- | § | Nos. 321/546, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 0609011528A |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 21, 2015
Decided: December 1, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## O R D E R

This 1st day of December 2015, upon consideration of the parties' filings in these two appeals, it appears to the Court that:

(1) On June 22, 2015, the appellant, Augustus Evans, filed a notice of appeal in No. 321, 2015 from a Superior Court order dated May 15, 2015. The Superior Court's order denied Evans' request for permission to file multiple motions, including a motion seeking postconviction relief titled "Motion Under the Law of the Case Doctrine," as well as a motion for recusal of the trial judge, a motion for an evidentiary hearing, and a motion for appointment of counsel. On October 5, 2015, the State of Delaware filed a motion to affirm the Superior Court's judgment on the ground that it is

manifest on the face of Evans' opening brief that appeal No. 321, 2015 is without merit.

(2) On October 8, 2015, Evans filed a second notice of appeal in No. 546, 2015 from a Superior Court order dated September 18, 2015. The Superior Court's order denied Evans' motion requesting permission to file a brief challenging a June 2014 amendment to Superior Court Criminal Rule 61. The Superior Court held that the 2014 amendment did not apply to Evans; therefore, he lacked standing to challenge it. The Superior Court also denied Evans' motion because Evans had exhausted his right to seek postconviction relief under Rule 61.

(3) The Senior Court Clerk issued a notice to Evans to show cause why appeal No. 546, 2015 should not be dismissed for this Court's lack of jurisdiction to consider an interlocutory appeal in a criminal matter. Evans filed a response to the notice to show on October 21, 2015, contending that the Superior Court's order is a final order. Evans' response also requests that his two pending appeals be consolidated. After considering Evans' response and his motion to consolidate, we hereby discharge the notice to show cause in No. 546, 2015 and grant Evans' request to consider these appeals in a consolidated manner.

(4)     The record reflects that Evans was convicted by a jury in July 2007 of Assault in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, Aggravated Menacing, and Resisting Arrest.  Evans waived his right to counsel and represented himself at trial.  The Superior Court sentenced him as a habitual offender to a total period of seventy-nine years at Level V incarceration, to be suspended after serving seventy-two years in prison for decreasing levels of supervision. This Court affirmed on direct appeal.[1]

(5)     Since that time, Evans has filed five motions for postconviction relief under Rule 61.  This Court affirmed the Superior Court's denial of Evans' first four Rule 61 motions.[2]  In its denial of Evans' fifth motion, the Superior Court informed Evans that it would not accept any future Rule 61 motions unless Evans first sought and received the trial court's permission to file.  Evans voluntarily dismissed his appeal (No. 171, 2015) from that order.

---

[1] *Evans v. State*, 2009 WL 367728 (Del. Feb. 13, 2009).

[2] *See Evans v. State*, 2015 WL 214057 (Del. Jan. 14, 2015) (denying Evans' fourth motion for postconviction relief as procedurally barred, applying the June 2014 amendments to Rule 61, and warning Evans that he risked an injunction against future meritless appeals); *Evans v. State*, 2014 WL 4104785 (Del. Aug. 19, 2014) (denying Evans' third motion for postconviction relief); *Evans v. State*, 2013 WL 5614265 (Del. Oct. 10, 2013) (denying Evans' second motion for postconviction relief); *Evans v. State*, 2009 WL 3656085 (Del. Nov. 4, 2009) (denying Evans' first motion for postconviction relief).

(6) Evans now appeals the Superior Court's orders denying his requests for permission to file another Rule 61 motion. Although we reject the Superior Court's conclusion in its September 18, 2015 order that the June 2014 amendments to Rule 61 would not apply to Evans' sixth Rule 61 motion if he were permitted to file one,[3] we nonetheless affirm the Superior Court's denial of Evans' requests to file his sixth Rule 61 motion.

(7) Evans has unsuccessfully pursued postconviction relief under Rule 61 five different times. Evans refuses to accept the Superior Court's rulings on his motions. As this Court held in affirming the Superior Court's denial of his fourth postconviction motion, Evans is procedurally barred by Rule 61(d)(2) from filing another motion for postconviction relief unless he pleads with particularity a claim that (i) new evidence exists that creates a strong inference that he is actually innocent; or (ii) a new rule of constitutional law made retroactive to cases on collateral review renders his convictions invalid.[4] Evans' motions in this case fail to satisfy the requirements of Rule 61(d)(2). Accordingly, we find no error of law or

---

[3] *See Evans v. State*, 2015 WL 214057 (Del. Jan. 14, 2015) (finding Evans' fourth motion for postconviction relief to be procedurally barred by the June 2014 amendments to Rule 61).

[4] *Evans v. State,* 2015 WL 214057, *1 (Del. Jan. 14, 2015) (citing Del. Super. Ct. R. 61(d)(2) (effective June 4, 2014)).

abuse of discretion in the Superior Court's denial of his requests to file his sixth Rule 61 motion.

(8) Moreover, we conclude that Evans' untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. Thus, the Clerk of this Court is directed to refuse any future filing from Evans related to these criminal convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e)[5] and that motion is first granted by the Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] 10 *Del. C.* § 8803(e) provides:

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;
(2) The facts alleged are true and correct;
(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
(5) The affiant understands that the affidavit is made under penalty of perjury.